Filed 10/8/13  P. v. Mitchell CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELWOOD MITCHELL,<br><br>    Defendant and Appellant. | B246168<br><br>(Los Angeles County<br>Super. Ct. No. NA093753) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Elwood Mitchell, appeals from the judgment entered following his plea of no contest to the sale, transportation or offer to sell a controlled substance, cocaine base (Health & Saf. Code, § 11352, subd. (a)), and his admission he previously had been convicted of robbery (Pen. Code, § 211) within the meaning of the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced Mitchell to six years in prison. We affirm.

### FACTUAL AND PROCEURAL BACKGROUND

1. *Facts.*[1]

On October 23, 2012, Long Beach police officers were conducting a " 'buy and bust' " operation and they decided to enlist the services of a "police assistant." The assistant was given a pre-recorded $20 bill, then instructed to go to a particular street corner and buy narcotics from anyone who would sell them to him.

At the corner, the assistant first met with Mitchell's codefendant, Shavon Forte.[2] After Forte called Mitchell on her cell phone, the assistant handed to her the pre-recorded $20 bill and the two walked to where Mitchell was standing. Mitchell, Forte and the assistant had a brief conversation. Mitchell then removed from his pocket an object and handed it to Forte who, in turn, handed the object to the assistant. The three then parted ways and the assistant walked back to where the police officers were waiting. After he handed to the officers what appeared to be cocaine base, they "moved in" and arrested

---

[1] The facts have been taken from the probation report.

[2] Forte is not a party to this appeal.

2

both Forte and Mitchell. Mitchell was later determined to have been in possession of 0.04 grams of cocaine base.

2. *Procedural history*.

In a felony complaint filed on October 25, 2012, it was alleged in count 1 that on or about October 23, 2012 Mitchell sold, transported or offered to sell a controlled substance, cocaine base, in violation of Health and Safety Code section 11352, subdivision (a).[3] It was further alleged Mitchell previously had been convicted of eight felonies within the meaning of Penal Code section 1203, subdivision (e)(4), which precluded a grant of probation, and that any sentence imposed was to be served in state prison pursuant to Penal Code section 1170, subdivision (h)(3). The complaint further alleged Mitchell had suffered a prior conviction for a serious felony, robbery (Pen. Code, § 211), within the meaning of the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), had served prison terms for six felony convictions within the meaning of Penal Code section 667.5, subdivision (b) and had been convicted of two narcotics-related offenses within the meaning of Health and Safety Code section 11370.2, subdivision (a).

On October 29, 2012, Mitchell entered a plea of not guilty to the charge alleged in count 1 and denied the additional allegations. However at proceedings held on November 6, 2012, Mitchell decided to change his plea and "to take the six year[]

---

[3] In count 2 it was alleged that on or about October 23, 2012, Mitchell's codefendant, Forte, possessed a controlled substance, cocaine base, in violation of Health and Safety Code section 11350, subdivision (a).

[sentence] that was [being] offered" by the People. After being advised of his right to a preliminary hearing, court or jury trial, his right to confront and cross-examine the witnesses against him, his right to use the subpoena power of the court at no cost to procure witnesses in his favor and his right against self-incrimination or to remain silent, Mitchell indicated he understood his rights and wished to waive them. The prosecutor informed Mitchell he was facing a maximum term of 22 years in prison in this matter and by entering a plea of guilty or no contest he would serve a term of only six years in state prison. Mitchell then pled no contest to the sale, transportation or offer to sell cocaine base in violation of Health and Safety Code section 11352, subdivision (a) and admitted previously having suffered a conviction for robbery in violation of Penal Code section 211.

The trial court sentenced Mitchell to the low term of three years in prison for his violation of Health and Safety Code section 11352, subdivision (a), then, due to his prior robbery conviction, doubled the term to six years pursuant to the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court awarded Mitchell presentence custody credit for 15 days actually served and 15 days of conduct credit, for a total of 30 days, then ordered Mitchell to pay a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), a $1,440 restitution fine (Pen. Code, § 1202.4, subd. (b)), a stayed $1,440 parole revocation restitution fine (Pen. Code, § 1202.45), and a $50 laboratory analysis fee (Health & Saf. Code, § 11372.5). After ordering Mitchell to register as a narcotics

offender within 30 days of the date of his release from custody, the trial court dismissed all the remaining allegations.

Mitchell filed a timely notice of appeal and a request for a certificate of probable cause on January 4, 2013. The trial court denied the request for a certificate of probable cause.[4]

## CONTENTIONS

After examination of the record, counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed May 22, 2013, the clerk of this court advised Mitchell to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. On June 21, 2013, Mitchell filed a supplemental brief in which he asserted he was denied "the right to have a *Romero*[5] hearing, and [his] sentence was doubled because of a strike that was (30) thirty years old." He argued that relying on a 30-year-old strike amounted to "cruel and unusual punishment under Penal Code [section] 1385." In addition, Mitchell asserted he "was not arraigned on [his] case until the (6th) sixth day when it should have been [done within] (72) seventy-two hours." Then, in a document filed on July 25, 2013, Mitchell requested that he be allowed to file a second supplemental brief

---

[4] On February 20, 2013, Mitchell filed in this court a letter in which he requested clarification regarding why his request for a certificate of probable cause had been denied.

[5] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

5

on or before August 22, 2013.  The request was granted on July 29, 2013.  Mitchell, however, failed to file a second brief.

A reading of Mitchell's supplemental brief, when considered with his request for a certificate of probable cause, indicates he is asserting his trial counsel had been ineffective for failing to make a motion pursuant to *Romero* to strike his 1983 robbery conviction and for failing to file a motion to dismiss the present case as he was arrested on October 23, 2012, but not arraigned until October 29, 2012.  However, with regard to Mitchell's claim he was not timely arraigned, a review of the record indicates he waived his right to "arraignment, [a] reading of [the] complaint, and statement of constitutional and statutory rights."  A review of the record also fails to indicate Mitchell ever complained his counsel was not performing properly when counsel chose not to make a motion to strike his prior robbery conviction.  In any event, counsel's representation cannot be deemed to have been deficient.  Under the charges alleged in the complaint, Mitchell faced a sentence of 22 years in prison.  His trial counsel negotiated a plea agreement under the terms of which Mitchell will serve six years in prison.  Under these circumstances, it cannot be said Mitchell's trial counsel's "representation fell below an objective standard of reasonableness under prevailing professional norms" or caused Mitchell prejudice.  (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.)

## REVIEW ON APPEAL

We have examined the entire record and are satisfied appellate counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)[6]

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, J.

We concur:

KLEIN, P. J.

KITCHING, J.

---

[6]    On February 25, 2013, Mitchell, acting in propria persona, filed in the trial court a petition for writ of habeas corpus. At a hearing held on March 11, 2013, the trial court denied the petition. As reasons for its denial, the trial court indicated: "1. Delayed arraignment is insufficient grounds to grant [a] habeas corpus petition. No prejudice [was] shown. [¶] 2. Remorse from taking [a] plea deal [is] insufficient grounds to grant habeas corpus. No prejudice [was] shown."